SVERRE BIGUM v. ST. PAUL SASH, DOOR & LUMBER COMPANY.[1]

February 11, 1909.

Nos. 15,869—(192).

Action in the district court for Ramsey county to recover $10,000 damages for personal injuries sustained by plaintiff while operating a jointer machine in defendant's factory. The case was tried before Kelly, J., and a jury which returned a verdict in favor of plaintiff for $3,500. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Durment & Moore,* for appellant.

*Ludvig Arctander,* for respondent.

PER CURIAM.

Respondent was injured while operating a jointer machine in appellant's factory. He was thirty eight years of age, a foreigner, had been in America five years, and was a cabinet maker by occupation. In another factory belonging to appellant he had from time to time operated a similar jointing machine, and for two months prior to the accident had occasionally operated the jointer in question in the new factory. He was an experienced cabinet maker, but not a machine operator, and his experience with jointing machines was incidental to his work as cabinet maker.

1. Respondent was injured while pushing a piece of molding about two feet long through the jointer. The board kicked back and broke, thus throwing his left hand into the knives. The evidence clearly indicates that it was practicable to guard the machine with what is known as an automatic or stationary guard. The machine was within the statute, and appellant was negligent in maintaining it without a guard.

2. It was established by the evidence that such machines had a tendency to kick back when small pieces of wood were passed through, especially if the knives were not in perfect shape, or if the wood was not accurately held. Respondent was directed by the foreman of the shop to plane off certain short pieces of wood, which were being used by him in the construction of some cabinet work. He knew the machine was not furnished with a guard, and, after using it awhile, discovered that one of the knives contained a nick, and noticed that the machine was not perfectly steady; but, owing to his limited experience, it cannot be said as a matter of law that he understood the danger and appreciated the risks of passing that kind of material through the machine.

[1] Reported in 119 N. W. 481.

3. The evidence is sufficient to sustain the allegation that the knives were not in proper order, and that appellant was responsible for such condition. It was the duty of the master to furnish a reasonably safe instrumentality with which to do the work, and to see that the same was kept in proper condition. This was a continuing duty, and was not discharged by the exercise of due care in employing a person for that purpose. The person so employed was not a fellow servant of respondent. Lohman v. Swift & Co., 105 Minn. 148, 117 N. W. 418, and cases there cited.

4. That appellant was negligent in failing to properly instruct or warn respondent before putting him to work on the machine in its then condition is sustained by the evidence.

5. Although the complaint charges that appellant was guilty of failing to maintain an automatic guard, the evidence clearly shows that it was feasible to maintain either a stationary or automatic guard, and the court so instructed the jury. There was no substantial variance, and appellant was not misled by the instruction.

6. We find no merit in the thirteenth assignment of error, which challenges the statement of the court to the jury that the unsteady condition of the jointer might have been due to the construction of the building. There was no claim and no evidence that the building was improperly constructed, and, although the statement was inaccurate, there is nothing to indicate that the jury were misled.

The several questions of law were submitted to the jury by proper instructions, and there are no errors in any of the rulings.

Affirmed.